IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:96-CV-137-BO(3)

FILED

AUG 6 1996

DAVID W. DANIEL, CLERK
U. S. DISTRICT COURT
E. DIST. NO. CAR.

OLDE DISCOUNT CORPORATION,      )
                                )
           Plaintiff,           )
                                )        O R D E R
     v.                         )
                                )
MASTERPAGE TELECOM INC.         )
(d/b/a SKY ONE COMMUNICATIONS   )
and ADVERTISING SPECIALISTS     )
LTD.) and GLENN GARRITANO,      )
                                )
           Defendants.          )

This matter is before the undersigned on plaintiff's motion to strike answer and defendants' motion to dismiss. Plaintiff's motion is GRANTED and defendants' motion is DENIED.

This case arises out of defendants' adoption and maintenance of the Internet address OLDE.COM. As a result of defendants' actions, plaintiff filed this lawsuit, alleging infringement of its trade name and its federally registered trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), unfair methods of competition and unfair or deceptive trade practices under N.C. Gen. Stat. § 75-1.1, and trade name infringement and unfair competition under the common law of North Carolina. Defendants responded to the complaint with a pleading entitled "Motion to Dismiss and Answer." In reply, plaintiff filed a motion to strike answer, citing numerous defects in defendants' pleading.

Case 5:96-cv-00137-BO    Document 16    Filed 08/06/96    Page 1 of 4



## Plaintiff's Motion to Strike Answer

A review of defendants' answer reveals that defendants have filed a deficient pleading. First, Masterpage has failed to properly appear in this matter. Irrespective of whether the answer filed by Garritano purports to speak for both Garritano and Masterpage, corporations may only appear in federal court through licensed counsel. <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 202-03 (1993); <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1058 (1986); <u>see</u> 28 U.S.C. § 1654. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." <u>Palazzo</u>, 764 F.2d at 1385. Furthermore, the Local Rules of this court require that parties be represented by a member of the bar of this court. Local Rule 2.04, EDNC. Thus, Garritano, despite his status as president of the corporate defendant, may not represent the corporate defendant unless he is a licensed attorney who has either (1) been admitted to the bar of this court or (2) associated counsel admitted to the bar of this court. Although the pleadings are silent as to whether Garritano is a licensed attorney, it is clear that he is not a member, nor associated with a member, of this bar. Consequently, Masterpage is in jeopardy of being held in default.

Second, Garritano has not complied with Fed.R.Civ.P. 11, which requires that every pleading be signed by counsel of record or by a party acting pro se. Although Garritano's signature appears twice on the answer, both signatures certify only that service was

2

made to plaintiff, and therefore do not satisfy the Rule. As a result, the answer is subject to being stricken by the court.

Finally, the answer does not respond to the first five paragraphs of the complaint. Rule 8(b) requires a defendant to "admit or deny the averments upon which the adverse party relies." Averments in a pleading to which a responsive pleading is required are deemed admitted if not denied. Fed.R.Civ.P. 8(d).

While it is true that the Federal Rules of Civil Procedure have liberalized pleading requirements, parties remain obligated to adhere to those requirements specified by the Rules. In light of the substantial defects in the answer, the court strikes the pleading and orders (1) defendant Garritano to file a proper answer under the Rules within 14 days of the entry of this order and (2) defendant Masterpage to retain counsel admitted to this bar and to file a proper answer under the Rules within 14 days of the entry of this order.

Accordingly, plaintiff's motion to strike answer is GRANTED.


<u>Defendant's Motion to Dismiss</u>

Similarly, defendants' motion to dismiss is fatally defective for several reasons. First, defendants failed to submit an accompanying brief as required by Local Rules 4.04 and 5.01. Such failure is grounds for denial of the motion. <u>See</u> <u>Goshen Rd. Envir. Action v. United States Dept. of Agr.</u>, 891 F. Supp. 1126, 1129 (E.D.N.C. 1995). Second, the eight paragraphs comprising defendants' motion consist of seven statements of fact and a

3

conclusory statement that the complaint fails to state a claim upon which relief can be granted. Defendants advance no legal argument in support of their motion. Finally, as with the answer, the motion lacks the signature required by Rule 11.

Accordingly, defendants' motion to dismiss is DENIED.

This _S 9/9_ day of August, 1996.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

certify the foregoing to be a true and correct
copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina

Deputy Clerk

4